UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re CURRENCY CONVERSION FEE ANTITRUST LITIGATION | x   MDL Docket No. 1409 <br><br> :   Master File No. 21-95 <br> : <br> : <br> : |
| This Document Relates To: <br><br> ALL ACTIONS EXCEPT <br>   ROBERT ROSS, et al. v. BANK OF <br>   AMERICA, N.A. (USA), et al., No. 05-7116 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> x |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/21/2014

**ORDER DIRECTING CLASS MEMBER KEVIN POLLINS TO CEASE AND DESIST FROM FURTHER COMMUNICATIONS WITH PLAINTIFFS' LEAD COUNSEL**

The Court having reviewed and considered Plaintiffs' Lead Counsel's Motion for an Order Directing Class Member Kevin Pollins to Cease and Desist from Further Communications with Plaintiffs' Lead Counsel, having considered all of the submissions and arguments with respect to counsel's motion, and having ruled on the motion;

NOW, it is hereby ORDERED that:

1. This Court has jurisdiction over the subject matter of Plaintiffs' Lead Counsel's[1] motion and over all the parties before the Court, including, without limitation, class member Kevin Pollins.

---

[1] The term "Plaintiffs' Lead Counsel" means Berger & Montague, P.C., and its attorneys and staff, including without limitation Merrill G. Davidoff, David A. Langer and Susan Leo.

2. The Court finds that Mr. Pollins is a class member in the settlements of foreign transaction fee claims in the related MDL 1409 matters *In re Currency Conversion Fee Antitrust Litigation* ("*CCF I*"), MDL No. 1409, Master File No. M21-95 (S.D.N.Y.), and *Ross, et al. v. American Express Company* ("*American Express*"), No. 04-5723 (S.D.N.Y.) (collectively, the two settlements are referred to as the "FX fee settlements"), and that the Administrator mailed distribution payments to him in each of the two distributions made as part of the administration of the FX fee settlements.

3. The Court finds that Mr. Pollins has availed himself of the opportunity to present to the Court his application that he receive an additional payment of approximately $20,000 (the "Additional Payment") from the proceeds of the FX fee settlements.

4. The Court denied Mr. Pollins' application for the Additional Payment from the FX fee settlements, by Order dated June 5, 2012 (*CCF I* Dkt. No. 959).

5. The Court finds that Mr. Pollins did not appeal the denial of his application.

6. The Court finds that, beginning no later than March 2, 2012 through at least January 28, 2014, Mr. Pollins has corresponded with Plaintiffs' Lead Counsel, both in writing and via telephone calls, on numerous occasions to pursue his demand for the Additional Payment from the FX fee settlements. The Court further finds that Mr. Pollins' conduct demonstrates a steadfast refusal to accept the information and explanation provided by Plaintiffs' Lead Counsel concerning both his foreign transaction fee claim and his improper demand for the Additional Payment, and that no useful purpose will be served from further communications between Mr. Pollins and Plaintiffs' Lead Counsel to revisit these issues.

7. The Court finds that Mr. Pollins' pattern of repeated communications, and

his unwillingness to accept the Court's denial of his application or Plaintiffs' Lead Counsel's explanations concerning the same, impedes the orderly and efficient administration of the FX fee settlements, and that Mr. Pollins' repeated communications are disruptive and harassing to Plaintiffs' Lead Counsel's efforts to administer the FX fee settlements, as well as to their regular business.

    8.  The Court finds that good cause exists for entry of an Order, pursuant to Rules 23(d) and 83(b) of the Federal Rules of Civil Procedure, directing Mr. Pollins to cease and desist from further communications with Plaintiffs' Lead Counsel. Mr. Pollins shall cease and desist from: (i) demanding the Additional Payment from the FX fee settlements; and (ii) contacting Plaintiffs' Lead Counsel concerning the FX fee settlements, his improper payment demand, or any other reason. This Order is necessary to preserve the orderly and efficient administration of the FX fee settlements.

Dated: October 21, 2014
   New York, New York

                         _____
                         The Honorable William H. Pauley, III
                             U.S.D.J.

*Copies to:*
All Counsel of Record